■ ERNEST EMMER, Appellant, v MARY E. EMMER, Respondent.—In a matrimonial action in which the plaintiff husband was granted a judgment of divorce, plaintiff appeals, as limited by his notice of appeal and brief, from so much of a judgment of the Supreme Court, Nassau County, dated July 19, 1978, as, after a nonjury trial, (1) dismissed his fourth cause of action seeking money damages for breach of a stipulated agreement, and (2) granted defendant's application for counsel fees. Judgment modified, on the law, by deleting the second decretal paragraph thereof, and substituting therefor a provision denying defendant's application for counsel fees. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. In deciding whether counsel fees should be awarded, the trial court should consider the relative merits of the parties' contentions and their respective financial circumstances *(Martin v Martin,* 28 AD2d

897). Since the record is devoid of any evidence concerning the current financial circumstances of the defendant wife, her application for counsel fees should not have been granted. Under the circumstances, we do not reach plaintiff's contentions concerning the constitutionality of section 237 of the Domestic Relations Law. In any event, the question was not preserved for our review since it was not raised below and no notification was given the Attorney-General (see Executive Law, § 71; CPLR 1012). There is no merit to plaintiff's contention that the trial court erred in dismissing his fourth cause of action for damages. Suozzi, J. P., Lazer, Shapiro and Cohalan, JJ., concur.