In the Matter of Eva Andrews, Petitioner, v John Fahey, as Commissioner of the Albany County Department of Social Services, et al., Respondents.

Third Department, June 21, 1979

APPEARANCES OF COUNSEL

*V. Jerome Luhn (Diane Withiam* and *Edward Lindner* on the brief), for petitioner.

*Robert G. Lyman, County Attorney (Philip R. Murray* and *Alan Joseph* of counsel), for John Fahey, respondent.

*Robert Abrams, Attorney-General (Clifford A. Royael, Alan W. Rubenstein* and *Shirley Adelson Siegel* of counsel), for Carmen Shang, respondent.

## OPINION OF THE COURT

GREENBLOTT, J.

The issue presented by this proceeding is whether the determination by the Commissioner of the Department of Social Services that, pursuant to 18 NYCRR 385.7 (c), petitioner is ineligible to receive Aid to Dependent Children (ADC) assistance since she voluntarily quit her employment is arbitrary. Petitioner and her five minor children, ranging in age from four to nine years, receive public assistance under the Aid to Dependent Children program pursuant to title 10 of the Social Services Law. On November 11, 1976, petitioner accepted full-time employment which, however, she quit on February 4, 1977 after her supervisor refused her request for part-time employment. On February 18, 1977, petitioner was informed by the local agency that she would be deleted from her family's public assistance grant for 30 days because she voluntarily terminated her employment. She then sought review by the Department of Social Services and, following a fair hearing, the commissioner determined that petitioner voluntarily terminated her employment to qualify for assistance, and that, under 18 NYCRR 385.7 (c), she was properly removed from the grant.

Subdivision 5 of section 131 of the Social Services Law disqualifies from assistance an "employable person" who has not registered with a local employment agency or who has refused employment in which he is able to engage. An imple-

menting regulation deems an ADC recipient "employable" unless such person is "a mother * * * of a child under the age of six" who is caring for the child (18 NYCRR 385.1 [c] [7]). Section 350-e of the Social Services Law, also pertinent here, requires as a condition of eligibility for ADC that every individual register with the work incentive program (WIN), unless such individual is "a mother * * * of a child under the age of six who is caring for the child, provided that such person shall be advised of her option to register if she so desires" (Social Services Law, § 350-e, subd 1, par [e]).

In our view, subjecting petitioner to the sanctions of 18 NYCRR 385.7 (c), which provides that an ADC recipient who voluntarily terminates employment to qualify for assistance or a larger amount thereof is ineligible for assistance for 30 days thereafter and until such time as she is willing to comply with the applicable requirements, was arbitrary, capricious and unreasonable. Petitioner, as the mother of a child under six years of age, does not meet the definition of an employable person as set forth in 18 NYCRR 385.1 (c) (7), and, therefore, to penalize a nonemployable for leaving employment is unreasonable since the pertinent statutes and regulations are restricted to employable persons. Furthermore, 18 NYCRR 385.7 (g) provides that a "voluntary registrant" with WIN who is placed in employment and who terminates that employment is not subject to the 30-day sanction. The only ADC recipients authorized to voluntarily register with WIN are, as noted, mothers of children under age six; and although petitioner did not voluntarily register with the program, she accepted her job on her own initiative. The commissioner's imposition on petitioner of the sanction to which she would not have been subjected had she voluntarily registered with WIN and then left employment is patently arbitrary and capricious.

The determination should be annulled, with costs, and the matter remitted to the Commissioner of the Department of Social Services for further proceedings not inconsistent herewith.

MAHONEY, P. J., SWEENEY, KANE and HERLIHY, JJ., concur.

Determination annulled, with costs, and matter remitted to the Commissioner of the Department of Social Services for further proceedings not inconsistent herewith.