■ ELAINE WALSH, Respondent, v RAYMOND D. WALSH, JR., Appellant. —Appeal from an order of the Supreme Court at Special Term, entered July 17, 1979 in Montgomery County, which conditionally granted defendant's motion to vacate a judgment of divorce upon his payment of $600 for plaintiff's counsel fees. Since plaintiff's papers opposing this motion only requested an award of $550 in counsel fees, it was error for Special Term to award a sum for that purpose in excess of that demand. Order modified, on the law and the facts, by reducing the award of counsel fees from $600 to $550, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Herlihy, JJ., concur.

■ In the Matter of JOSEPH ADAMS, Appellant, v RICHARD H. DU-QUETTE, as Commissioner of Social Services, Respondent.—Appeal from an order of the Family Court of Clinton County, entered June 6, 1979, which denied petitioner's application for modification of a support order. Petitioner remarried following a divorce from his wife. The decree awarded custody of the parties' three children to the first wife and an order of the Family Court was thereafter entered directing him to make certain payments for their support. Petitioner became seriously delinquent and the Clinton County Department of Social Services has provided financial assistance to his children and former wife. Slightly over one month after the current support order was issued on January 9, 1979, and faced with the arrival of the firstborn child of his second marriage, petitioner sought a reduction in the amount of his support obligation. The application was denied and the only issue raised by him on this appeal is that since his first wife is excluded from the category of persons receiving public assistance who must provide for the support of their children (Social Services Law, § 131, subd 5), both he and his current wife must work to support the children of the prior marriage. Accordingly, petitioner maintains that the statute in question works an unconstitutional denial of equal protection. In addition to the fact that we have previously found the statutory provision to be valid (Matter of Andrews v Fahey, 68 AD2d 427), the record before us discloses that this constitutional argument was not raised in the Family Court proceeding (CPLR 5501, subd [a]; cf. Emmer v Emmer, 69 AD2d 850). In any event, petitioner has not demonstrated that his former wife is physically able to work or could earn more than the financial assistance she now receives. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.