■ In the Matter of LATRICE R. et al. JAMES B., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent. — In a child protective proceeding under article 10 of the Family Court Act, the appeals are from (1) an order of the Family Court, Queens County (Pitaro, J.), dated September 30, 1980, which adjudicated that the children in question had been neglected and abused by appellant and the children's natural mother and (2) an order of protection of the same court, dated March 17, 1981, which enjoined appellant from having any contact with the children for a period of one year. Appeal from the order dated March 17, 1981, dismissed as moot, without costs or disbursements. Order dated September 30, 1980, affirmed, without costs or disbursements. James B., the paramour of the children's mother, Sandra R., was found by the Family Court to have abused Latrice R. Upon review of the record, we hold that the court's finding was supported by a preponderance of the evidence. We reject appellant's contention that the court cannot adequately review the record because the transcript from one day of the hearing is missing. He does not assert that the missing transcript contains material pertaining to an appealable issue, and upon review of the Judge's extensive trial notes we have found no indication that any error occurred on that date (see *People v Glass,* 43 NY2d 283). Appellant also challenges the constitutionality of section 1046 (subd [b], par [i]) of the Family Court Act, which provides a preponderance of the evidence standard for proving child abuse in child protective proceedings brought under article 10 of the Family Court Act. Appellant failed to raise at Family Court his constitutional claim that due process requires use of a clear and convincing evidence standard in these cases, and hence, this alleged error is not preserved for our review (see *Emmer v Emmer,* 69 AD2d 850; 4 NY Jur 2d, Appellate Review, § 117). We have

examined appellant's remaining contentions and find them to be entirely without merit. Mollen, P. J., Gulotta, O'Connor and Rubin, JJ., concur.