■ In the Matter of LYDIA K. Commissioner of the New York City Department of Social Services, Respondent; LUCILLE K., Appellant.—In a child protective proceeding pursuant to Family Court Act article 10, the appeal is from an order of disposition of the Family Court, Queens County (Fogarty, J.), dated May 7, 1984, which, upon a fact-finding determination of the same court, made after a hearing, adjudged the child to be abused and ordered her placed with the Commissioner of

the New York City Department of Social Services for a period of 18 months.

Order affirmed, without costs or disbursements.

In this child protective proceeding the only evidence adduced at the fact-finding hearing tending to prove that the child in question was abused were two statements to that effect made by her shortly after the alleged abuse took place, which she later recanted. Under Family Court Act § 1046 (a) (vi) such out-of-court statements are admissible during the fact-finding hearing, but are not sufficient to support a determination of abuse absent corroboration. Although Family Court Act § 1046 (a) (vi) does not limit the corroboration requirement to otherwise inadmissible out-of-court statements, if the statements would be admissible without the benefit of that section as an exception to the hearsay rule there is no reason to require corroboration. The statement made by the child to a paramedic approximately 10 to 15 minutes after she "fell" eight stories was properly admitted at Family Court as a spontaneous declaration (*see, People v Edwards,* 47 NY2d 493; *People v Marks,* 6 NY2d 67, *cert denied* 362 US 912). Since spontaneous declarations are admissible in evidence because of their inherent reliability and superior trustworthiness (*see,* Fisch, New York Evidence § 1000 [2d ed]; Richardson, Evidence § 281 [Prince 10th ed]), the Family Court's holding that such a statement needs no corroboration to support a finding of child abuse was correct. Furthermore, petitioner met its burden of proving abuse by a preponderance of the evidence (*Matter of Hofbauer,* 47 NY2d 648).

Finally, having failed to raise before the Family Court her constitutional claim that due process of law requires use of a clear and convincing evidence standard in child protective proceedings, appellant has not preserved this alleged error of law for our review (*Matter of Latrice R.,* 93 AD2d 838, *lv denied* 59 NY2d 604; *Emmer v Emmer,* 69 AD2d 850). Lazer, J. P., Gibbons, Thompson and Kunzeman, JJ., concur. [123 Misc 2d 41.]