■ In the Matter of LINDA E. CONSTANCE BENNETT, Respondent; BARRY E. et al., Appellants.—In a child protective proceeding pursuant to Family Court Act article 10, the appeals are (1) from a fact-finding order of the Family Court, Nassau County (Feiden, J.), entered November 19, 1986, which, after a hearing, determined the infant to be abused and neglected, and (2) from a dispositional order of the same court, entered February 13, 1987, which, *inter alia,* placed the infant in the custody of the petitioner for a period of 18 months.

Ordered that the appeal from the fact-finding order entered November 19, 1986, is dismissed, without costs or disbursements, as that order was superseded by the order entered February 13, 1987 *(Matter of Linda K.,* 132 AD2d 149, *lv denied* 70 NY2d 616); and it is further,

Ordered that the order entered February 13, 1987 is reversed, on the law, without costs or disbursements, the order entered November 19, 1986, is vacated, and the petition is dismissed.

The appellants are the parents of five children. In a petition dated January 31, 1986, the petitioner alleged that the appellants abused and neglected their daughter Linda, then aged

9½ years, by committing or allowing to be committed an act of sexual abuse against her, by permitting her to read pornographic literature, by permitting her to view or failing to prevent her from viewing pornographic videotapes, by permitting her to observe them engaging in sexual intercourse, by refusing to obtain, both for themselves and for Linda, necessary and recommended psychiatric care, and by failing to dispense to Linda prescribed medicines. The petitioner also alleged that the appellant father, on one occasion, dragged Linda by her feet along the pavement. Derivative petitions (see, Family Ct Act § 1046 [a] [i]) filed against appellants concerning the three of Linda's siblings who were then under 18 years of age were dismissed for want of proof at the conclusion of the fact-finding hearing. Because the petitioner failed to establish by a fair preponderance of the credible evidence (Matter of Tammie Z., 66 NY2d 1; Matter of Latrice R., 93 AD2d 838, lv denied 59 NY2d 604) that the appellants either abused or neglected Linda, the instant petition should have been dismissed as well.

Linda is clearly a disturbed child. She was diagnosed by her treating psychiatrist, who made it known that he filed a report of suspected abuse with Child Protective Services in October 1985, and by a psychiatrist who examined her pursuant to an order of the Family Court, as suffering from an undersocialized conduct disorder, evidenced in part by an excessive and precocious sexual preoccupation, from an attention deficit disorder, and from Tourette's disorder. Both psychiatrists testified on behalf of the petitioner at the fact-finding hearing. Both conceded that Linda's attention deficit disorder and her affliction with Tourette's disorder were neurologically rather than environmentally induced. The treating psychiatrist maintained that some of the symptoms Linda exhibited which support the diagnosis of undersocialized conduct disorder were consistent with those of a child who had been sexually abused. He acknowledged, however, that the majority of his patients who exhibited similar symptoms were not diagnosed as victims of sexual abuse. The examining psychiatrist similarly concluded that Linda's precocious and excessive preoccupation with sex was consistent with and supported the diagnosis of sexual abuse, but acknowledged that sexual abuse was only one of several possible explanations.

The only reference during the course of the fact-finding hearing to an act of sexual abuse concerned an incident involving either a neighbor or a bus driver which occurred at

an unspecified time before the commencement of this proceeding and which the appellants promptly reported to authorities. Indeed, the Family Court specifically found that there was no proof of sexual abuse by the appellants, as that term is defined in Family Court Act § 1012 (e). It nonetheless determined that Linda was an abused child, apparently because it found, as alleged in the petition, that the appellant father, on one occasion, dragged Linda along a pavement. The record is devoid of any other indication of abuse (see, Family Ct Act § 1012 [e]).

The only evidence which supports a finding that the appellant father "dragged" Linda are the hearsay accounts given by a Nassau County Department of Social Services caseworker and by the treating psychiatrist. The caseworker acknowledged that her account was premised on a response given by Linda, during an investigative interview, to what the caseworker in effect conceded was a leading question. She also conceded that she made no inquiry into the circumstances surrounding the incident. The treating psychiatrist could not remember "the particulars" of the incident as reported to him by Linda. The direct evidence adduced at the fact-finding hearing establishes only that the appellant father physically retrieved Linda, who precipitously ran, unclothed, from the appellants' home. The petitioner failed to demonstrate that Linda was "dragged", either by her feet, as alleged in the petition, or by her hair, as reported by the treating psychiatrist. And while, because of her kicking and screaming, Linda may have been less than gently returned to the house, the preponderance of the evidence does not establish that the appellant father's reaction to Linda's behavior rose to the level of abuse (Family Ct Act § 1012 [e] [i], [ii]) or that it constituted neglect (see, Family Ct Act § 1012 [f] [i] [B]).

The petitioner also failed to establish that Linda was neglected because of the alleged failure of the appellants to dispense prescribed medicines and to obtain for her and for themselves necessary psychiatric care. The only indication that the appellants failed to dispense prescribed medicines was the testimony of the examining psychiatrist, echoed in her report, which was admitted into evidence over the appellants' objection. The examining psychiatrist based her testimony on a telephone conversation with an unnamed teacher at the school which Linda attended, on a conversation with a social worker who, in turn, had a conversation with "the school", and on a vaguely referred-to conversation with the treating psychiatrist. However, no school personnel testified

and no school records were admitted into evidence (see, Family Ct Act § 1046 [a] [iv]). Moreover, no testimony on the subject was offered through the treating psychiatrist. Although the appellant mother did not testify at the fact-finding hearing, the appellant father demonstrated his familiarity with the prescribed medicines and the frequency with which they were to be administered. He also testified that either he or his wife gave Linda her medication as prescribed. He did acknowledge, however, that there were occasions when, because the appellants were out of the house, the task of giving the medication to Linda, in pill form, was undertaken by their eldest child, who is a responsible young adult attending college.

With respect to the finding that the appellants neglected Linda because they refused to obtain necessary psychiatric care, the record is devoid of any persuasive evidence that they refused to participate in the family therapy recommended by Linda's treating psychiatrist. He merely reported that the appellants seemed to give "lip service" to the concept of family therapy. The record, including the report of the treating psychiatrist admitted into evidence, demonstrates that, from the time Linda first exhibited behaviorial problems in nursery school, the appellants obtained for her a course of treatment provided by various physicians with various areas of expertise and at the North Shore Child Guidance Clinic. Moreover, the appellants initially permitted the treating psychiatrist, to whom they voluntarily brought Linda for psychiatric evaluation in August 1985, to hospitalize Linda for over a month. That they objected to continued hospitalization does not demonstrate neglect (see, Matter of Hofbauer, 47 NY2d 648, 656). The appellants' subsequent reluctance to bring Linda to the treating psychiatrist for weekly out-patient therapy stemmed, at least in part, from a difficulty in paying his fee.

There was no proof that Linda's difficulties were attributable to any reluctance by the appellants to participate in family therapy or to their reluctance to bring Linda to her treating psychiatrist as often as he recommended (see, Family Ct Act § 1012 [h]). Indeed, the treating psychiatrist reported that, as of March 1986 the appellant had accepted his recommendation for residential treatment and that he, therefore, felt "less strongly about the absolute need for weekly therapy" pending a residential placement. We note that by September 1986 the appellants had located and placed Linda in a residential facility acceptable to them. We also note, with approval, that at the fact-finding hearing the appellants indicated their

intent to keep Linda in that facility until her physiological development has stabilized.

The petitioner's implication that the appellants actively encouraged Linda's viewing of sexually explicit material and of her parents' private sexual activities was demonstrated at the hearing to be a misguided one. The out-of-court statements made by Linda to the caseworker and to her treating psychiatrist, insufficient by themselves to sustain a finding of neglect (see, Family Ct Act § 1046 [a] [vi]), indicate that, on one occasion, Linda interrupted her parents, who immediately chased her from the room, and that her viewing of pornographic materials, if any, took place without her parents' knowledge or consent. The treating psychiatrist testified that his "view" of what Linda told him was that she was not allowed to watch what Linda referred to as "X-rated" videotapes, but that she "watched it [sic] anyway". However, the testimony of the psychiatrists did not establish that surreptitious viewing of what they referred to, without concretely defining, as pornographic materials and which the treating psychiatrist asserted the appellants did not "adequately" stop, was a cause of Linda's difficulties. Indeed, both psychiatrists focused on their diagnoses of Linda as a sexually abused child, a condition which the Family Court correctly declined to attribute to the appellants (see, Family Ct Act § 1012 [h]). It nonetheless appears that the petitioner's "sexual abuse" charges are what prompted the Family Court to conclude that Linda was "neglected". While the appellants may not be parents who always responded appropriately to the difficulties Linda's various disorders created, the record as a whole fails to demonstrate that Linda's distressing condition is attributable to the home environment and parenting provided by the appellants. We therefore reverse and dismiss the proceeding. Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.