Matter of Toussaint Thoreau E. (Allen E.) (2019 NY Slip Op 02157)





Matter of Toussaint Thoreau E. (Allen E.)


2019 NY Slip Op 02157


Decided on March 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2019

Friedman, J.P., Renwick, Webber, Kahn, Kern, JJ.


8755

[*1]In re Toussaint Thoreau E., A Child Under the Age of Eighteen Years, etc., Allen E., Respondent-Appellant, The Children's Village, Petitioner.


Tennille M. Tatum-Evans, New York, for appellant.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the child.



Order of disposition, Family Court, New York County (Karen I. Lupuloff, J.), entered on or about January 9, 2018, which, inter alia, terminated respondent father's parental rights to the subject child upon a finding of abandonment, unanimously affirmed, without costs.
A finding of abandonment is supported by clear and convincing evidence that the father did not visit with his son or communicate with the agency during the six months immediately preceding the filing of the termination petition, and the absence of evidence that he was unable to so visit or communicate, or was discouraged from doing so by the agency (Social Services Law § 384-b [4][b];[5][a]).
We reject the father's appellate contention that the court erred in terminating his parental rights while the mother's parental rights remained intact. The termination petitions against the father and mother were predicated upon different sets of facts, and the father never requested that the final disposition of his case should be delayed while the mother's case was still pending. He did not oppose the entry of the order terminating his parental rights or seek to vacate it once the mother received a suspended judgment.
The father's constitutional claim was not raised before the Family Court, and is thus unpreserved for review (see In re Latrice R. , 93 AD2d 838 [2d Dept 1983], lv denied 59 NY2d 604 [1983]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 21, 2019
CLERK