Matter of Taveon J. (Selina T.) (2022 NY Slip Op 05512)

Matter of Taveon J. (Selina T.)

2022 NY Slip Op 05512

Decided on October 04, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 04, 2022

Before: Gische, J.P., Friedman, Scarpulla, Rodriguez, Higgitt, JJ. 

Docket No. NN-21325/18, NN-21326/18 Appeal No. 16313-16313A Case No. 2021-02056, 2021-02057 

[*1]In the Matter of Taveon J., and Another, Children Under the Age of Eighteen Years etc., Selina T., Respondent-Appellant, Dorian P., Respondent. Administration for Children's Services, Petitioner-Respondent.

Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Eva L. Jerome of counsel), for
respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child Taveon J.
Andrew J. Baer, New York, attorney for the child Eternity T.

Order of disposition, Family Court, New York County (Maria Arias, J.), entered on or about May 27, 2021, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about February 25, 2020, which found that respondent mother neglected the subject children, unanimously affirmed, and the appeal from that portion of the order of disposition setting conditions for the mother until the next permanency hearing, unanimously dismissed, without costs, as moot. Appeal from fact-finding order unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The finding of neglect against the mother is supported by a preponderance of the evidence establishing that she placed the children's physical and psychological safety in imminent risk of impairment by refusing to enforce a final order of protection issued against her boyfriend and in favor of the child Taveon in a prior neglect proceeding (see Matter of Serenity H. [Tasha S.], 132 AD3d 508, 509 [1st Dept 2015]; Matter of Jasmine A. [Albert G.], 120 AD3d 1125, 1125 [1st Dept 2014]). Taveon, who was then 11 years old, is heard crying on a tape of a 911 call, in which he reported that the mother's boyfriend allegedly choked her and then threatened to kill Taveon; the caseworker also testified that Taveon was crying at the police station after the incident. This evidence establishes, among other things, that the mother risked Taveon's emotional health by failing to enforce the order of protection issued on his behalf (see Matter of Valentino R. [Dina R.], 128 AD3d 562, 562 [1st Dept 2015]; Matter of Madison M. [Nathan M.], 123 AD3d 616, 617 [1st Dept 2014]).
The tape of Taveon's statements to the 911 operator that the boyfriend was choking his mother was properly admitted into evidence as an excited utterance, which does not require corroboration (see People v Bryant, 180 AD3d 442, 442 [1st Dept 2020], lv denied 35 NY3d 968 [2020]; Matter of Lydia K. [Lucille K.], 112 AD2d 306, 307 [2d Dept 1985], affd 67 NY2d 681 [1986]). Taveon's consistent out-of-court statements to an Administration for Children's Services investigator and a police officer immediately after the incident were properly admitted because they were sufficiently corroborated by the 911 tape and other evidence (see Matter of Nicole V. [Lawrence V.], 71 NY2d 112, 118 [1987]). In addition, the court properly drew a negative inference from the mother's failure to testify (see Matter of Zelda McM. [Patrick L.-O. McM.], 154 AD3d 573, 574 [1st Dept 2017]).
The appeal from the portion of the dispositional order setting conditions for the mother until the next permanency hearing is moot because the order expired by its own terms (see Matter of Amondie T. [Karen S.], 107 AD3d 498, 498-499 [1st Dept 2013]).
We have considered the mother's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT[*2].
ENTERED: October 4, 2022