Caroline A. McCready, Respondent, v. David Lindenborn, Appellant.

Landlord and Tenant — When Action after Default in Payment of Installments of Rent Cannot Embrace Damages for a Total Breach of Lease — Measure of Damages. Under a lease demising premises for a specified term at an annual rent payable in equal monthly payments in advance, and providing that if the premises should become vacant during the term the lessor might re-enter and relet them as agent of the lessee, applying the rent, first, to the payment of the expenses of re-entering and then to the payment of the rent due under the lease, the lessee to remain liable for any deficiency; and further providing that, if any default should be made in the payment of the rent, "the said hiring and the relation of landlord and tenant, at the option of the party of the first part, shall wholly cease and determine, and the party of the first part shall and may re-enter, * * * and in such case the party of the second part shall and will pay or cause to be paid to the party of the first part, as damages for the breach of the covenant for rent herein, the difference between the amount of rent hereby reserved and the amount of rents which shall be collected and received, or might with due diligence be collected and received from the said demised premises during the residue of the said term remaining unexpired at or immediately before the time of such re-entry in equal monthly payments as the amount of such difference shall from time to time be ascertained," when the lessee fails to pay the rent for a specified month and the lessor takes possession under the re-entry clause, an action does not lie for the breach of the lease in its entirety and the recovery of all damages in a single action brought before the expiration of the term, since the defendant's breach consists simply of a failure to pay in monthly installments the money damages stipulated for in the re-entry clause, to be ascertained in accordance with the agreement of the parties, and the remedy as provided therein must be exclusively followed. The plaintiff, however, may maintain an action to recover the rent, as such, for the month specified and may join with it a cause of action for the breach and may recover as dam-

ages the deficiency ascertained in the manner provided by the lease for each month thereafter until the commencement of the action; for any deficiency after that date she must resort to another action.

McCready v. Lindenborn, 63 App. Div. 106, affirmed.

(Argued October 27, 1902; decided November 11, 1902.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered August 7, 1901, sustaining plaintiff's exceptions ordered to be heard in the first instance by the Appellate Division and granting a motion for a new trial.

On the 9th of October, 1893, the plaintiff leased to the defendant certain premises in the city of New York for the term commencing October 1st, 1894, and ending April 30th, 1904, at the annual rent reserved of $6,400, payable in equal monthly payments in advance. Said lease contained many covenants made by either party, and among others the following on the part of the lessee : " That if the said premises shall become vacant during the said term the said party of the first part, or her representatives, may re-enter the same, either by force or otherwise, without being liable to any prosecution therefor, and relet the said premises as the agent of the said party of the second part, and receive the rent thereof, applying the same first to the payment of such expenses as they may be put to in re-entering and then to the payment of the rent due by these presents, and the balance (if any) to be paid over to the said party of the second part, who shall remain liable for any deficiency.

" And the said party of the second part hereby further covenants that if any default be made in the payment of the said rent, or any part thereof, at the time above specified, or if any default be made in the performance of any of the cove-nants and agreements herein contained, the said hiring and the relation of landlord and tenant, at the option of the party of the first part, shall wholly cease and determine, and the party of the first part shall and may re-enter the said premises and remove all persons therefrom, and the said party of the

26

second part hereby expressly waives the service of any notice in writing of intention to re-enter as provided for in the third section of an act entitled 'An Act to abolish distress for rent and for other purposes,' passed May 13, 1846, and in such case the party of the second part shall and will pay or cause to be paid to the party of the first part as damages for the breach of the covenant for rent herein the difference between the amount of rent hereby reserved and the amount of rents which shall be collected and received, or might with due diligence be collected and received from the said demised premises during the residue of the said term remaining unexpired at or immediately before the time of such re-entry in equal monthly payments as the amount of such difference shall from time to time be ascertained."

The plaintiff alleged in her complaint the making of this lease, and that on the first of October, 1894, the keys of the building were delivered to the defendant, and were by him retained, and that she duly performed all covenants and conditions of said lease on her part; that the lessee omitted to pay the rent for the months of October and November, 1894, and that she recovered separate judgments against him for these installments; that the rent due for the month of December, 1894, was duly demanded, and payment thereof was refused, and that the defendant "has refused and continues to refuse to comply with the said lease and to perform his part of the same and to pay rent; that under the provisions of said lease the rent for that portion of the term subsequent to November, 1894, to wit, from December 1, 1894, to April 30, 1904, amounts to at least the sum of $60,266.66 in addition to the cost of necessary repairs on said building and all water rates in excess of $50 in each year; that the said building was altered and prepared especially for the use and occupation of the defendant by the plaintiff at a cost of over $16,000; that by the failure and neglect of the defendant to perform his part of the said lease and to perform the covenants thereof on his part to be performed and to pay the rents, water rates and repairs as agreed, the plaintiff has been

compelled to expend and has expended large sums of money in the care and repair of said building and has been obliged to pay increased insurance on the same, and the plaintiff has been and is unable after diligent effort to re-let the said premises at a rent equal to that which the defendant covenanted and agreed to pay; and in consequence of the character of the alterations and improvements made especially for the said defendant and for his particular business, the plaintiff has been unable to re-let the said premises without other and further extensive alterations and repairs which said plaintiff has made at an expense of about $4,000 in good faith and for the purpose of reducing her damages caused by the neglect and failure of the defendant to perform his part of said lease by re-letting the same at the best prices she could obtain therefor; that by reason of the matters and things aforesaid and by reason of the defendant's refusal, neglect and failure to perform his part of said lease, and by reason of defendant's breaches of the covenants of the said lease, plaintiff has been damaged to the amount of $35,000, no part of which has been paid, although demand has been duly made as aforesaid." The only relief demanded was judgment for said sum of $35,000 and costs.

In the first bill of particulars served by the plaintiff she specified as items of damage the rent reserved for nine years and five months, increased insurance and pay of watchman "during vacancy," amounting in all to the sum of $60,491.80, and stated that the amount of the claim alleged in the complaint was arrived at by allowing a credit of $25,491.80, "the estimated amount of rents that can with due diligence be obtained from said property" after paying from the gross rents "the necessary expense of restoring the property for ordinary business uses and necessary repairs and alterations for separate tenancies, expense of re-letting, etc." In the second bill of particulars, served pursuant to an order of the court, she stated that "the items of diminution of rentals are from the first of December, 1894, to the first of January, 1899," as follows: Rent of the whole building reserved for that period,

$26,133.33, without expenses or deductions; expenses on the building aside from taxes, water rates not exceeding $50 a year, repairs to streets and sidewalks, roof girders and outer walls and ordinary fire insurance, $11,774.01; gross rents received, $22,663.50, less said expenses, $11,774.01, leaving actual diminution in rentals, $15,243.84 to January 1st, 1899.

This action was commenced on the 12th of September, 1898, and upon the trial the plaintiff read in evidence said lease and the judgment rolls in the actions for the rent of October and November, 1894, proved that the premises were vacant and that she placed them in the hands of real estate brokers for rental. It was conceded that in December, 1894, without resorting to force or to legal proceedings, she took possession under the clause of the lease relating to re-entry. She offered to prove the damages alleged in the complaint and bills of particulars, as well as other items as to which she had not been ordered to furnish specifications, but she was not allowed to give any evidence upon the subject, apparently because the trial justice thought that her only cause of action was on the covenant to pay any deficiency which might arise, and that the complaint was not sufficient to permit a recovery on that ground. The complaint was accordingly dismissed, but the exceptions of the plaintiff were ordered to be heard in the first instance at the Appellate Division, where, by a divided vote, they were sustained and a new trial was ordered, upon the ground that the action was brought to recover in one action the entire damages for a total breach of the lease, and that the plaintiff was not precluded from maintaining it either by the covenants of the lease or by the recovery of the two judgments, and that the service of the bills of particulars did not prevent her from proving the damages sustained. The defendant appealed to this court, giving the usual stipulation.

*Morris J. Hirsch* for appellant. The complaint was properly dismissed. (*Morgan* v. *Smith,* 70 N. Y. 537; McAdam on Landl. & Ten. 142; *Underhill* v. *Collins,* 132 N. Y.

269; *Gaffney* v. *Paul,* 95 N. Y. S. R. 173; *Gray* v. *K. D. & I. C. Co.,* 162 N. Y. 388; *Hall* v. *Gould,* 13 N. Y. 127; *Matter of Hevenor,* 144 N. Y. 271; *People* v. *St. Nicholas Bank,* 151 N. Y. 592; *Matter of Ludeke,* 33 App. Div. 397; *Hackett* v. *Richards,* 13 N. Y. 138.) The parties having by their contracts fixed a means of measuring their respective damage in the event of a breach, cannot now estimate those damages in any other manner. (*Watson* v. *Russell,* 149 N. Y. 388.)

*W. P. Prentice* for respondent. Plaintiff's right to a judgment for all damage sustained by reason of defendant's breach of the lease and repudiation of all obligations under it should be affirmed. (*McCready* v. *Lindenborn,* 63 App. Div. 111; *Howard* v. *Daly,* 61 N. Y. 362; *Taylor* v. *Bradley,* 39 N. Y. 129; *Driggs* v. *Dwight,* 17 Wend. 71; *Hall* v. *Gould,* 13 N. Y. 127; *Wakeman* v. *W. & W. Mfg. Co.,* 101 N. Y. 209; *Underhill* v. *Collins,* 132 N. Y. 269; 3 Pars. on Cont. 189; *Beach* v. *Crain,* 2 N. Y. 89; *Schell* v. *Plumb,* 55 N. Y. 592.) The defendant having refused to perform the contract cannot now take advantage of the terms of the contract which provide for a totally different situation. (3 Pars. on Cont. 189.) The plaintiff had a right to go to the jury upon the questions of the amount of damages. (*U. S. T. Co.* v. *O'Brien,* 143 N. Y. 284; *Trull* v. *Granger,* 8 N. Y. 115; *Eastman* v. *Mayor, etc.,* 152 N. Y. 468; *Wakeman* v. *W. & W. Mfg. Co.;* 101 N. Y. 209.)

*Per Curiam.* While the complaint is indefinite and the theory of the pleader uncertain, no motion appears to have been made to correct these defects, and if the plaintiff was entitled to recover anything according to a reasonable construction of her complaint, it should not have been summarily dismissed, but she should have been permitted to put in her evidence. The complaint and bills of particulars, when read together, set forth one cause of action for the non-payment of the rent reserved for the month of December, 1894, and

another for breach of the covenant to pay any deficiency in case of re-entry for condition broken.  An effort was made to set forth a third cause of action for a total breach of the lease, but without success.  While the object of the pleader was to recover all the damages in a single action brought before the expiration of the term, it does not follow that because she cannot recover all she may not recover any.

The rent for the month of December, 1894, was payable in advance, and, hence, became due before she re-entered the premises, and while the lease was in full force.  She distinctly alleges demand of the rent under the lease for that month, and that the defendant refused to pay it.  The right of action upon the covenant broken prior to re-entry survived that act, and the plaintiff was, at least, entitled to recover rent, as such, for the month named.

This conclusion requires an affirmance, for if the plaintiff is entitled to recover at all the order of the Appellate Division sustaining her exceptions and granting a new trial must be affirmed, and judgment absolute rendered against the defendant in accordance with his stipulation.  As, however, there must be an assessment of damages by a sheriff's jury or a referee, we make some further suggestions in aid of the investigation that is still necessary.

When the plaintiff re-entered under the defeasance clause no further rent, as such, could accrue, for the lease proper was at an end, and the relation of landlord and tenant no longer existed.  (*Hall* v. *Gould,* 13 N. Y. 127; *Michaels* v. *Fishel,* 169 N. Y. 381, 387.)  While the recovery of judgments for rent recognized the lease as existing up to the time when the last judgment was entered, and thus waived the right to re-enter for any covenant then broken, it constituted no waiver of the rights springing from breaches subsequently made.  (*Jackson* v. *Allen,* 3 Cow. 226, 230; Woodfall's Landlord & Tenant, 324; Wood's Landlord & Tenant, 455.)

One unbroken covenant survived re-entry, because it provided expressly for that contingency by authorizing the lessor to relet the premises and requiring the lessee to pay any

deficiency in equal monthly payments as the amount thereof should, from month to month, be ascertained by deducting from the rent reserved the rents received, less the expense of such repairs as the tenant covenanted to make and less also, as is reasonably to be implied from authority to relet, the reasonable expenses of reletting and . collecting. By the express contract of the parties a separate and independent cause of action arose under this'covenant every month when there was a deficiency ascertained in the manner provided. The plaintiff was at liberty to allow the causes of action for monthly deficiency to accumulate and to recover upon several at the same time, but she could not recover any deficiency until it had actually accrued and had been ascertained in the mode provided by the covenant. The defendant agreed to pay " as damages for the breach of the covenant for rent " the difference between the rent reserved and the rent received ." in equal monthly payments as the amount of such difference shall from time to time be ascertained." Aside from the rent accruing prior to re-entry, the plaintiff could recover only on this covenant, and hence she was entitled to no damages except such as had accrued and were due and payable at the time the action was commenced. She could not even recover any deficiency accruing after the commencement of the action and before the trial thereof, because such damages had not been ascertained as required by the contract at the time the action was commenced, and hence were not then due and payable.

While we do not wish to conclude the parties in advance, we suggest that so far as we can see from the facts now before us, the measure of the plaintiff's recovery in this action is, *first*, the rent, as such, for the month of December, 1894; *second*, the deficiency; ascertained in the manner above stated. for each month thereafter until the action was commenced. For any deficiency accruing after that date she must resort to another action since the contract in effect so requires. She is not entitled to any part of the amount paid to fit up the premises as agreed in the lease for the special use of the

defendant, because if he had paid his rent as it became due she could have recovered no part of that sum, and his failure to pay rent did not make him liable for something which he had never agreed to pay. She should receive the equivalent of what she would have had if the tenant had paid as he agreed, and no more. The covenant creates and limits the liability of the defendant, and hence the plaintiff cannot recover the expense of making extensive alterations in order to relet the premises to advantage ; nor can she deduct the amount paid for this purpose from the gross rents reserved, because the covenant does not so provide, and she can recover only as the covenant permits. While it is possible that she could have leased the premises, subject to reasonable alterations to be made by the tenant, she could not make the alterations herself and deduct the expense from the rents received before crediting them upon the rents reserved, for that would require a special agreement not to be found in the lease before us. She must stand on the covenant as made and cannot ask the courts to add provisions, however reasonable, which she failed to have inserted before the lease was signed.

We do not sustain the theory upon which the majority of the learned judges of the Appellate Division proceeded to judgment, to wit, that an action will lie for the breach of the lease as an entirety and the recovery of all the damages in a single action brought before the expiration of the term. The breach of an agreement to pay money in installments is not a breach of the entire contract and will not permit a recovery of all the damages in advance. ( *Wharton & Co.* v. *Winch,* 140 N. Y. 287 ; *Moore* v. *Taylor,* 42 Hun, 45.) So far as appears, the failure to pay the rent was the only breach of which the defendant was guilty, for he was under no legal obligation to occupy the demised premises. Even if he refused to recognize the lease as in force, because, as he claimed, the plaintiff failed to make the alterations provided for, this was not a violation of any covenant that he had entered into. His breach consisted simply of a failure to pay money in monthly installments. In *Wharton & Co.* v. *Winch (supra)* it was held

that where a contract for railroad construction provides for payment in installments as the work progresses, a failure to pay an installment when due is not such a breach of the entire contract as to authorize the contractor to refuse to proceed further and to recover the profits which he would have earned had the contract been fully performed. So if a mortgagor refuses to pay the installments as they fall due upon a mortgage given by him, and even if he refuses to recognize the mortgage as in force for some reason, the mortgagee cannot, in the absence of a special provision permitting it, call the whole mortgage due upon the ground of an entire breach.

There seems to be a distinction, whether well grounded in principle or not, between a contract for the payment of money in future installments and a contract for the delivery of goods in future installments (*Nichols* v. *Scranton Steel Company*, 137 N. Y. 471), as well as a contract for future employment and service. (*Howard* v. *Daly*, 61 N. Y. 362.) We think that the contract before us should be governed in this respect by the principle laid down in *Wharton & Co.* v. *Winch* (*supra*). Aside from this, however, when the parties by their contract provide for the consequences of a breach, lay down a rule to admeasure the damages and agree when they are to be paid, the remedy thus provided must be exclusively followed.

The order of the Appellate Division should be affirmed, and judgment absolute ordered against the defendant upon his stipulation, with costs.

Gray, O'Brien, Martin, Vann, Cullen and Werner, JJ., concur; Parker, Ch. J., absent.

Ordered accordingly.