■ HYMAN MUSS, Respondent, v. DAYTOP VILLAGE, INC., Appellant.—In an action to recover damages for defendant's alleged breach of a lease, defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County, dated September 11, 1973, as denied its motion to dismiss each of the two causes of action contained in the complaint, pursuant to CPLR 3211 (subd. [a], par. 7), for failure to state a cause of action. Order modified, on the law, by adding thereto, immediately after the provision in the first decretal paragraph thereof that the defendant's motion is "denied", the following: "as to the first cause of action and granted as to the second cause of action". As so modified, order affirmed insofar as appealed from, without costs. Defendant rented certain premises in Staten Island, New York, from plaintiff pursuant to a lease entered into by the parties wherein it was agreed that defendant would pay an annual rent of $36,000, payable in monthly instalments of $3,000. The term of the lease extended for a period of nine years and 10 months, from June 10, 1965 to March 9, 1975. In his complaint plaintiff alleged two causes of action, the first charging defendant with breaching the lease "by failing to pay the amount due on March 1st, 1973", and the second charging that defendant abandoned the premises on March 31, 1973 and that plaintiff "incurred and will in the future incur additional expenses in order to protect and secure the property." Plaintiff, in his first cause of action, sought recompense not only for the single month's rent alleged to have been due and owing on March 1, 1973, but also to recover for future damage to his property not yet incurred. While we agree with Special Term's determination insofar as it denied defendant's motion to dismiss the first cause of action, we are not in accord with its reasoning. The lease contained no acceleration clause which would entitle the plaintiff landlord to all future rents to become due under the lease upon a breach thereof by the tenant during its pendency. Therefore, the first cause of action is legally sufficient only as to the unpaid rent alleged to be due and owing for the month of March, 1973 (see *McCready* v. *Lindenborn*, 172 N. Y. 400, 405; *Kaminsky* v. *Kahn*, 13 A D 2d 143, 146–147). The second cause of action, however, is not maintainable at this time. While the right to sue for past due rents accrues upon the failure of the tenant to pay, and the past due rents may be sued for in monthly suits upon each default or in a joinder of causes of action for any sums past due, the right to sue for damages for the breach of a lease accrues, generally, upon the termination date of the lease; and suits for separate items of damages in instalments are prohibited, unless the parties expressly agree to a contrary procedure (see *Hermitage Co.* v. *Levine*, 248 N. Y. 333; 33 N. Y. Jur., Landlord and Tenant, § 106, p. 415). The lease at bar includes no such provision. Therefore, plaintiff's second cause of action will not arise until the lease is terminated. Shapiro, Acting P. J., Christ, Brennan and Munder, JJ., concur; Benjamin, J. not voting.