■ JOHN MALASKY, INC., Respondent, v PETER A. MAYONE et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered April 6, 1976 in Columbia County, which denied defendants' motion to open a default judgment and vacated a stay of execution. Plaintiff and defendants executed a lease agreement on August 6, 1969 whereby plaintiff rented commercial property to defendants for a period of 10 years at an annual rental of $24,000, payable in equal monthly installments of $2,000. The defendants entered into possession on September 1, 1969 and operated a retail automobile agency therein until October 23, 1973 when, with the consent of plaintiff, they assigned the lease to Valley Ford, Inc. The sublessee remained in possession until February, 1975 when, without notice to the plaintiff, it abandoned the premises, leaving equipment, inventory and other property behind. Ford Motor Credit Company, not a party to this action but the principal creditor of Valley Ford, Inc., made rental payments to plaintiff on behalf of Valley Ford, Inc., and the defendants for the months of April, May and June, 1975, while it negotiated for the return of the personalty left in the leased premises and in which it had a security interest. When the July and August, 1975 rental payments were not made by defendants, after demand, plaintiff commenced an action for the two months rent and for the proportionate school taxes and insurance premiums. In the absence of an answer, plaintiff entered a default judgment against the defendants with the clerk of Columbia County (CPLR 3215, subd [a]). Thereafter, defendants moved at Special Term to open the default. The motion was denied and this appeal ensued. A motion pursuant to CPLR 5015 (subd [a], par [1]) is directed to the sound discretion of the court and is only granted upon a showing of "excusable default" and a meritorious defense *(Bridger v Donaldson,* 34 AD2d 628, 629; see, also, *Wall v Bennett,*

33 AD2d 827). In this case, the defendants not only failed to answer, despite repeated demands, but failed to file a notice of appearance. The grounds advanced upon the motion, *viz.,* the complexity of the law and unfamiliarity with the facts, are woefully inadequate reasons for failing to answer and it would have been an improvident exercise of discretion below to open the default on those grounds *(Treo Enterprises v O'Neill,* 36 AD2d 541). Special Term was also correct in determining that defendants had no meritorious defense to the action for rent. The written consent of the parties herein to the assignment of the leasehold by defendants to Valley Ford, Inc., expressly stated that defendants were to remain liable for the rent. Consequently, it was unnecessary for plaintiff to make Valley Ford, Inc., a party to its action against defendants, as any indemnification of defendants promised by Valley Ford, Inc., can and should be tried out in another action, or, if defendants had answered, in a third-party action by defendants against Valley Ford, Inc. The instant action only affects defendants' primary obligation under the lease and does not adversely affect the rights of Valley Ford, Inc. (CPLR 1001, subd [a]). Next, plaintiff's alleged failure to repair the air-conditioning system in the subject premises did not amount to a constructive eviction. Even assuming plaintiff had the obligation to repair, there is no suggestion in defendants' brief that it vacated the premises because of defective air-conditioning. Similarly, the third ground advanced by defendants as a meritorious defense, the alleged breach of the lease by plaintiff competing against defendants in the used car business, is without merit. There is no covenant not to compete in the lease. Defendants' contention that the clerk of Columbia County did not have jurisdiction to enter the default judgment because the plaintiff's claim was not for a sum certain must also be rejected. Defendants' position would be valid if the lease had terminated. In such a case the lease would have been at an end, and defendants' liability would be for damages, not rent, since defendants would no longer be tenants *(Hermitage Co. v Levine,* 248 NY 333). Plaintiff's action would have to await the end of the leased period, and its action for rent now would be premature. However, where there is no lease termination, as here, and plaintiff's acceptance of three months rent from Ford Motor Credit Company did not constitute an act of termination since defendants had contracted to remain primarily liable, and there is an absence of an acceleration clause which would entitle the plaintiff-landlord to all future rents upon a breach thereof, defendants' liability is multiple and several, not single and entire *(Hermitage Co. v Levine, supra; McCready v Lindenborn,* 172 NY 400, 402; *Muss v Daytop Vil.,* 43 AD2d 945; *Kaminsky v Kahn,* 13 AD2d 143, 146–147). Moreover, paragraph "tenth" of the lease expressly provides that even if the plaintiff repossesses the premises it does not prejudice its right to bring an action for rent arrearages. In pertinent part the lease states that if the lessor reenters, it is "without prejudice to any remedies which might otherwise be used for arrears of rent or preceding breach of covenant". Consequently, plaintiff has an action for the two months rent, together with the proportionate amount of school taxes and insurance premiums, and the claim "can by computation be made certain" (CPLR 3215, subd [a]) and be entered with the clerk. Order affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.