■ Beaumont Offset Corp., Appellant, v Phyllis Zito et al., Respondents. [681 NYS2d 561] —In an action to recover damages for breach of contract arising from the leasing of certain commercial premises, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Underwood, J.), entered October 9, 1997, which granted the defendants' motion for summary judgment (a) dismissing the complaint and (b) on its counterclaims, and is in favor of the defendants and against it on the counterclaims in the sum of $491,012.40.

Ordered that the order and judgment is modified by (1) deleting from the second decretal paragraph thereof the words "the six years preceding the filing of the counterclaim" and substituting therefor the words "the years commencing with 1993, and the defendants' second counterclaim is limited to past due rent commencing with May 1996", and (2) deleting from the fifth decretal paragraph thereof the provisions awarding the defendants damages (a) on their first counterclaim in the principal sum of $211,077.23 for unpaid tax assessment

increases and (b) on their second counterclaim in the principal sum of $270,100 for unpaid rent; as so modified, the order and judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a recalculation of damages in accordance herewith, and for the entry of an appropriate amended judgment accordingly.

Although we agree with the Supreme Court that the defendant landlords established entitlement to summary judgment on their counterclaims on the issue of the liability of the plaintiff tenant under the subject lease, we find that the calculation of damages was in error.

In the first counterclaim, the landlords sought damages for unpaid tax assessment increases spanning only the years 1993 through the date of the filing of that counterclaim in 1996. Accordingly, it was error for the Supreme Court to award the landlords sums for tax assessment increases for the years prior to 1993 (*see, Walsh v Walsh,* 76 AD2d 1020).

The landlords' second counterclaim sought recovery of unpaid rent under the lease based on the claim that the tenant wrongfully vacated the premises. Contrary to the Supreme Court's determination, no action can be brought for future rent in the absence of an acceleration clause (*see, Long Is. R. R. Co. v Northville Indus. Corp.,* 41 NY2d 455, 465, citing *McCready v Lindenborn,* 172 NY 400; *see also, Itel Data Processing Corp. v Dominick Intl. Corp.,* 58 AD2d 576; *John Malasky, Inc. v Mayone,* 54 AD2d 1059, 1060).

The lease at issue provides that in the event of the tenant's default, the tenant would remain liable for the whole of the rent reserved until the time the lease would have expired. The lease further provides that the rents would be due and payable on a monthly basis and that the tenant was to pay the amounts of the deficiencies as they accrued. Thus, while the lease authorized the landlord to sue for deficiencies, it did not authorize suit for any deficiency in advance of its accrual (*see, McCready v Lindenborn,* 172 NY 400, *supra*). Since only the May 1996 through March 1997 installments were due by the filing date of the landlords' counterclaims, those were the only amounts for which they could have recovered at that time (*see, Schaffer Stores Co. v Grand Union Co.,* 94 AD2d 883; *see also, Long Is. R. R. Co. v Northville Indus. Corp.,* 41 NY2d 455, *supra,* citing *McCready v Lindenborn,* 172 NY 400, *supra; Itel Data Processing Corp. v Dominick Intl. Corp.,* 58 AD2d 576, *supra*). Rosenblatt, J. P., Santucci, Altman and Friedmann, JJ., concur.