BRIAN BARR, Respondent, v COUNTRY MOTOR CAR GROUP, INC., et al., Respondents-Appellants, and DON CARBONE et al., Appellants. [789 NYS2d 350]—

Appeal and cross appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered June 12, 2003. The order granted plaintiff's motion for summary judgment against defendants Country Motor Car Group, Inc., Michael J. Cantanucci, Anthony R. Ianniello, Carmine DeCrescente, Frank Cocozzo, and New Country Auto Gallery, Inc. and granted judgment in favor of those defendants on their cross claims for indemnification against defendants Don Carbone, Al Carbone and Carbone Motor Sales, Inc.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the award of damages for taxes, utility costs, insurance premiums and other costs incurred as the result of the breach of the lease agreement together with interest thereon and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover, inter alia, damages for breach of a lease agreement for real property executed by defendant Country Motor Car Group, Inc. and subsequently assigned to Don Carbone, Al Carbone and Carbone Motor Sales, Inc. (Carbone defendants). As the result of prior orders in this action, plaintiff was granted partial summary judgment on liability against Country Motor Car Group, Inc., Michael J. Cantanucci, Anthony R. Ianniello, Carmine DeCrescente, Frank Cocozzo, and New Country Auto Gallery, Inc. (Country defendants) (*see Barr v Country Motor Car Group*, 221 AD2d 1003 [1995], *lv dismissed* 88 NY2d 919 [1996]), and the Country defendants were granted partial summary judgment on liability on those parts of their cross claims seeking indemnification from the Carbone defendants for sums the Country defendants are obligated to pay plaintiff pursuant to the lease agreement (*see Barr v Country Motor Car Group*, 288 AD2d 867, 868 [2001]).

Plaintiff thereafter moved for summary judgment on the amount of damages. Contrary to the contention of the Carbone defendants, we conclude that Supreme Court properly ruled on the motion despite plaintiff's failure to submit copies of the pleadings with the motion (*see Van Epps v Town of Verona* [appeal No. 2], 305 AD2d 1035, 1036 [2003]). The court also properly awarded damages to plaintiff for the amount of unpaid rent, together with late charges, from the commencement of the action to the end of the original lease term. Plaintiff commenced the action in December 1990, prior to the expiration of the lease term in March 1993. Because the lease agreement contains no acceleration clause, plaintiff was entitled only to the amount of past due rent at the time the action was commenced (*see John Malasky, Inc. v Mayone*, 54 AD2d 1059, 1060 [1976]; *Muss v Daytop Vil.*, 43 AD2d 945 [1974]), not future rent (*see Long Is. R.R. Co. v Northville Indus. Corp.*, 41 NY2d 455, 465 [1977]; *Maflo Holding Corp. v S.J. Blume, Inc.*, 308 NY 570, 575 [1955]; *Beaumont Offset Corp. v Zito*, 256 AD2d 372, 373 [1998]). Nevertheless, plaintiff's entitlement to damages for the remaining installments of rent ripened at the end of the lease term (*see Maflo Holding Corp.*, 308 NY at 575; *Muss*, 43 AD2d at 495), and the court properly calculated the amount of damages based upon the amount of rent due at the end of the lease term (*see 812 Park Ave. Corp. v Pescara*, 268 App Div 436, 441 [1944], *affd* 294 NY 792 [1945]; *Lager Assoc. v City of New York*, 304 AD2d 718, 721 [2003]).

The court erred, however, in awarding plaintiff taxes, utility costs, insurance premiums and other costs incurred as the result of the breach of the lease agreement. Those items of damages are not sought in the complaint or bill of particulars, and thus the prior award of summary judgment on liability did not encompass them. Plaintiff offers no excuse for the nearly 12-year delay in requesting those items of damages (*see Blake v Wieczorek*, 305 AD2d 989, 990 [2003]; *Lewis v New York City Hous. Auth.*, 237 AD2d 414 [1997], *lv denied* 90 NY2d 811 [1997]). Plaintiff, moreover, made that request in his attorney's reply affirmation rather than by a motion to amend the complaint or bill of particulars (*see Pop Cowboy v 175 W. 73rd St. Realty Corp.*, 292 AD2d 300, 301 [2002], *lv denied* 98 NY2d 609 [2002]; *Reid v Weir-Metro Ambulance Serv.*, 191 AD2d 309, 310 [1993]). Under the circumstances, we conclude that plaintiff is entitled only to those items of damages sought in his pleadings, i.e., past due rent and late charges provided in the lease. We therefore modify the order by vacating the award of damages for taxes, utility costs, insurance premiums and other costs incurred as the result of the breach of the lease agreement

together with interest thereon. Present—Pigott, Jr., P.J., Green, Kehoe, Smith and Hayes, JJ.