■ AGATINA RUNFOLA, Appellant, v DAVID CAVAGNARO et al., Respondents. (And a Third-Party Action.) [910 NYS2d 910]—

In an action, inter alia, to recover upon a personal guaranty, the plaintiff appeals from a judgment of the Supreme Court, Richmond County (Ajello, J.H.O.), dated July 6, 2010, which, upon a decision of the same court dated April 20, 2010, made after a trial on the issue of liability, and upon a separate decision dated June 14, 2010, made after an inquest on the issue of damages, is in favor of her and against the defendants in the principal sum of only $29,117.70.

Ordered that the judgment is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court's calculation of damages was not erroneous. In its decision dated April 20, 2010, which addressed the issue of liability, the Supreme Court correctly determined that because the lease in question does not contain an acceleration clause, the defendants were not liable to the plaintiff landlord, pursuant to their personal guaranty of the subject lease, for any rent deficiency that had not yet accrued (*see Long Is. R.R. Co. v Northville Indus. Corp.*, 41 NY2d 455, 465 [1977]; *Barr v Country Motor Car Group, Inc.*, 15 AD3d 985, 986 [2005]; *210 W. 29th St. Corp. v Chohan*, 13 AD3d 613 [2004]; *Beaumont Offset Corp. v Zito*, 256 AD2d 372 [1998]; *Muss v Daytop Vil.*, 43 AD2d 945 [1974]). Accordingly, in the judgment appealed from, the court properly awarded the plaintiff damages only for the rent deficiency that had already accrued by the filing date of her complaint (*see Barr v Country Motor Car Group, Inc.*, 15 AD3d at 986; *Beau-*

*mont Offset Corp. v Zito,* 256 AD2d at 372; *Muss v Daytop Vil.,* 43 AD2d at 945). Covello, J.P., Dickerson, Belen and Lott, JJ., concur.