23 E. 39th St. Dev., LLC v 23 E. 39th St. Mgt. Corp. (2019 NY Slip Op 03748)





23 E. 39th St. Dev., LLC v 23 E. 39th St. Mgt. Corp.


2019 NY Slip Op 03748


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-13440
 (Index No. 606401/15)

[*1]23 East 39th Street Developer, LLC, appellant- respondent, 
v
23 East 39th Street Management Corporation, et al., respondents-appellants.


Robinson Brog Leinward Greene Genovese & Gluck, P.C., New York, NY (Andrew B. Zinman of counsel), for appellant-respondent.
Brian H. Bluver, New York, NY, for respondents-appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of a commercial lease and breach of a personal guaranty, the plaintiff appeals, and the defendants cross-appeal, from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered November 23, 2016. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint. The order, insofar as cross-appealed from, in effect, denied that branch of the defendants' motion which was to impose sanctions pursuant to 22 NYCRR 130-1.1.
ORDERED that the order is reversed insofar as appealed from, on the law and the facts, and that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint is denied; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On December 29, 2008, the defendant 23 East 39th Street Management Corporation (hereinafter Management) commenced an action in the Supreme Court, New York County (hereinafter the New York County action), alleging that the plaintiff, 23 East 39th Street Developer, LLC (hereinafter the landlord), unlawfully converted Management's security deposit. In January 2009, the landlord filed an answer and asserted a counterclaim against Management, alleging that Management did not comply with the notice of termination provision in the rider to the lease, and that Management was thus liable for rent and other expenses past due that had accrued from May 2008 through January 15, 2009. The landlord also filed a third-party complaint against the defendant Allen Gutterman, the president of Management, alleging that he failed to comply with the surrender declaration provision in a personal guaranty he had signed guarantying the lease, and that he was thus also liable for the past due rent and expenses through January 15, 2009. In the New York County action, the court awarded summary judgment to Management on the security deposit conversion cause of action insofar as asserted against the landlord, and summary judgment to the landlord on its counterclaim and third-party cause of action against Management and Gutterman, respectively, [*2]for rent and other expenses due from May 2008 through January 15, 2009, in an amount to be determined by a Special Referee.
On October 5, 2015, while the appeals were still pending, the landlord commenced this action in the Supreme Court, Nassau County. In the complaint, the landlord alleged that Management failed to properly terminate the lease, prematurely vacated the premises, and remained liable for the balance of the term of the lease, which expired on September 30, 2012. The landlord further alleged that Gutterman failed to timely deliver a surrender declaration required by the guaranty and, thus, he remained liable for the balance of the term of the lease. In the complaint, the landlord specifically stated that the rent due from the defendants for November 2008 through January 2009 was the subject of the pending appeals in the New York County action, and that in this action, the landlord was seeking only the unpaid rent and expenses from February 2009 through the end of the lease term.
The defendants moved in this action pursuant to CPLR 3211(a)(5) to dismiss the complaint based on res judicata and collateral estoppel, and to impose sanctions pursuant to 22 NYCRR 130-1.1. The Supreme Court granted that branch of the motion which was to dismiss the complaint and, in effect, denied that branch of the motion which was to impose sanctions. The landlord appeals, and the defendants cross-appeal.
Pursuant to CPLR 3211(a)(5), a party may move to dismiss a cause of action based on the doctrine of res judicata (see Williams v City of Yonkers, 160 AD3d 1017, 1018; Rudovic v Rudovic, 131 AD3d 1225, 1227). "Under res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action" (Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347). " [O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy'" (id. at 347, quoting O'Brien v City of Syracuse, 54 NY2d 353, 357; see Matter of Hunter, 4 NY3d 260, 269). Accordingly, "a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding" (Sciangula v Montegut, 165 AD3d 1188, 1190 [internal quotation marks omitted]; see Matter of Hunter, 4 NY3d at 269; Chapman Steamer Collective, LLC v KeyBank N.A., 163 AD3d 760, 761). "[N]o action can be brought for future rent in the absence of an acceleration clause" (Beaumont Offset Corp. v Zito, 256 AD2d 372, 373; see Runfola v Cavagnaro, 78 AD3d 1035, 1035; 210 W. 29th St. Corp. v Chohan, 13 AD3d 613, 614). Here, the lease did not contain an acceleration clause, and the landlord could not have asserted a cause of action for future rent not yet due when it filed its counterclaim and third-party complaint in the New York County action. Thus, the causes of action asserted in this action are not the same causes of action as those asserted in the New York County action, and claim preclusion does not apply (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d at 347).
Pursuant to CPLR 3211(a)(5), a party may move to dismiss a cause of action based on the doctrine of collateral estoppel (see Karimian v Time Equities, Inc., 164 AD3d 486, 488; Karakash v Trakas, 163 AD3d 788, 789). "Collateral estoppel, or issue preclusion, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . , whether or not the tribunals or causes of action are the same" (Parker v Blauvelt Volunteer Fire Co., 93 NY2d at 349 [internal quotation marks omitted]; see Karimian v Time Equities, Inc., 164 AD3d at 488; Feng Li v Peng, 161 AD3d 823, 825-826; Lamberti v Plaza Equities, LLC, 161 AD3d 837, 839). "[T]he burden rests upon the proponent of collateral estoppel to demonstrate the identicality and decisiveness of the issue, while the burden rests upon the opponent to establish the absence of a full and fair opportunity to litigate the issue in [the] prior action or proceeding" (Parker v Blauvelt Volunteer Fire Co., 93 NY2d at 349 [internal quotation marks omitted]; see Karakash v Trakas, 163 AD3d at 789; Lamberti v Plaza Equities, LLC, 161 AD3d at 839). Here, contrary to the defendants' contention, in the New York County action, the Supreme Court did not find that the lease was terminated effective January 2009. Rather, the court found that the lease was not terminated by Management's notice of vacatur. The decision of the Appellate Division, First Department, confirms this determination, stating that the [*3]trial court "found that tenant had failed to terminate the lease in accordance with its terms" (23 E. 39th St. Mgt. Corp. v 23 E. 39th St. Dev., LLC, 134 AD3d 629, 631). Accordingly, the defendants failed, as the "proponent of collateral estoppel[,] to demonstrate the identicality and decisiveness of the issue," and issue preclusion does not apply (Parker v Blauvelt Volunteer Fire Co., 93 NY3d at 349 [internal quotation marks omitted]).
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was to dismiss the complaint.
Under the circumstances here, we agree with the Supreme Court's determination, in effect, to deny that branch of the defendants' motion which was to impose sanctions pursuant to 22 NYCRR 130-1.1.
SCHEINKMAN, P.J., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court