Violet Realty, Inc. v Amigone, Sanchez & Mattrey, LLP (2020 NY Slip Op 02592)





Violet Realty, Inc. v Amigone, Sanchez & Mattrey, LLP


2020 NY Slip Op 02592


Decided on May 1, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


926 CA 18-01772

[*1]VIOLET REALTY, INC., PLAINTIFF-APPELLANT-RESPONDENT,
v
AMIGONE, SANCHEZ & MATTREY, LLP, DEFENDANT-RESPONDENT-APPELLANT. (APPEAL NO. 1.) 






PHILLIPS LYTLE LLP, BUFFALO (JOHN G. SCHMIDT, JR., OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.
HODGSON RUSS LLP, BUFFALO (STEVEN W. WELLS OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Henry J. Nowak, J.), entered September 4, 2018. The order and judgment, insofar as appealed from, granted in part and denied in part the motion of plaintiff for summary judgment and granted in part and denied in part the cross motion of defendant for summary judgment. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by granting that part of the motion seeking reasonable attorneys' fees and denying the cross motion insofar as it seeks a determination that defendant's accounts receivable are not tangible assets under the lease, and as modified the order and judgment is affirmed without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action against defendant seeking, inter alia, money damages and attorneys' fees arising from defendant's breach of a commercial lease. Defendant does not dispute that it abandoned the leased premises on March 31, 2017 and ceased paying rent to plaintiff, thereby defaulting under the lease, the term of which did not expire until July 31, 2019. Plaintiff moved for, among other things, partial summary judgment on the complaint insofar as it seeks damages for past due rent with interest, undiscounted accelerated future rent, and costs and attorneys' fees. Defendant cross-moved for, inter alia, summary judgment on its second counterclaim, seeking a determination that the phrase "tangible assets," as used in the lease, is "limited to the furniture, fixtures and equipment of [defendant], and not its accounts receivable, work in progress, contingent fees, goodwill, or other intangible property that does not have a physical presence." Insofar as relevant here, Supreme Court, in the order and judgment in appeal No. 1, denied plaintiff's motion to the extent that it seeks undiscounted accelerated future rent and granted the cross motion only insofar as it seeks a determination that the term "tangible assets" in the lease did not include defendant's accounts receivable and work in progress. Plaintiff appeals and defendant cross-appeals from the order and judgment in appeal No. 1, and plaintiff also appeals from the subsequently entered statement for judgment in appeal No. 2.
As an initial matter, the statement for judgment at issue in appeal No. 2 is limited to the court's award to plaintiff of past due rent and a calculation of interest thereon. Under these circumstances, plaintiff is not aggrieved by the statement for judgment in appeal No. 2, and we therefore dismiss the appeal therefrom (see generally Hyman v Burgess [appeal No. 1], 155 AD3d 1677, 1677 [4th Dept 2017]). With respect to the cross appeal from the order and judgment in appeal No. 1, this Court does not have jurisdiction to consider defendant's sole contention on its cross appeal that the court erred in denying the cross motion insofar as it seeks a determination that bank deposits do not constitute tangible assets under the lease because [*2]defendant did not cross-appeal from that part of the order and judgment (see CPLR 5515 [1]; State Farm Mut. Auto. Ins. Cos. v Jaenecke, 81 AD3d 1474, 1474 [4th Dept 2011], lv denied 17 NY3d 701 [2011]; City of Mount Vernon v Mount Vernon Hous. Auth., 235 AD2d 516, 517 [2d Dept 1997]).
With respect to the appeal in appeal No. 1, plaintiff contends that the court erred in denying that part of its motion seeking undiscounted accelerated future rent under the terms of the lease. Initially, we conclude that plaintiff was not entitled to accelerate the rent because the lease acceleration clause did not apply unless plaintiff terminated the lease, which plaintiff elected not to do. Thus, plaintiff was entitled to rent payments only as they became due (see generally Barr v Country Motor Car Group, Inc., 15 AD3d 985, 986 [4th Dept 2005], lv denied 6 NY3d 704 [2006]). In light of that determination and the expiration of the term of the lease, plaintiff's contention that the court erred in determining that any claim for accelerated future rent must be discounted is academic.
We agree with plaintiff, however, that the court erred in granting defendant's cross motion insofar as it seeks a determination that defendant's accounts receivable are not "tangible assets" under the lease, and we modify the order and judgment in appeal No. 1 accordingly. "A written agreement that is clear, complete and subject to only one reasonable interpretation must be enforced according to the plain meaning of the language chosen by the contracting parties" (Paramax Corp. v VoIP Supply, LLC, 175 AD3d 939, 941 [4th Dept 2019]). Additionally, it is a common practice of New York courts to refer to dictionaries to determine the plain and ordinary meaning of the words in a contract (see Ragins v Hospitals Ins. Co., Inc., 22 NY3d 1019, 1022 [2013]; see also Lend Lease [US] Constr. LMB Inc. v Zurich Am. Ins. Co., 136 AD3d 52, 56-57 [1st Dept 2015], affd 28 NY3d 675 [2017]; 2619 Realty v Fidelity & Guar. Ins. Co., 303 AD2d 299, 300-301 [1st Dept 2003], lv denied 100 NY2d 508 [2003]). "Tangible assets," as defined in the sixth edition of Black's Law Dictionary, which was current when the lease was executed (see generally Ellington v EMI Music, Inc., 24 NY3d 239, 246-247 [2014]), expressly includes accounts receivable in the definition (see Black's Law Dictionary [6th ed 1990]). We conclude that the court's determination that accounts receivable are not tangible assets under the lease does not "comport with [the] plain meaning" of tangible assets (Paramax Corp., 175 AD3d at 942).
We further agree with plaintiff that the court erred in failing to award it reasonable attorneys' fees pursuant to the lease. Although it did not expressly deny plaintiff's motion with respect to attorneys' fees, the court's failure to rule on that part of plaintiff's motion is deemed to be a denial (see Griffin v MWF Dev. Corp., 273 AD2d 907, 908 [4th Dept 2000]). The lease provided that, in the case of a default, the defaulting party is liable for the payment of, among other things, the other party's reasonable attorneys' fees. Defendant does not dispute that it defaulted under the lease, and we conclude that the court should have granted that part of plaintiff's motion seeking an award of attorneys' fees. We therefore further modify the order and judgment in appeal No. 1 accordingly, and we remit the matter to Supreme Court to determine, following a hearing if necessary, the amount of attorneys' fees to be awarded to plaintiff pursuant to the lease (see Mathew v Slocum-Dickson Med. Group, PLLC, 160 AD3d 1500, 1504 [4th Dept 2018]; Dance Magic, Inc. v Pike Realty, Inc., 85 AD3d 1083, 1089 [2d Dept 2011]).
Entered: May 1, 2020
Mark W. Bennett
Clerk of the Court