## 36 & 37 Realty, LLC v BR 1147, LLC

2024 NY Slip Op 31564(U)

May 3, 2024

Supreme Court, New York County

Docket Number: Index No. 155940/2020

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT:    HON. PAUL A. GOETZ | PART    47 |
| *Justice* | |

----------------------------------------------------------------------------X

36 AND 37 REALTY, LLC,

                 Plaintiff,

              - v -

BR 1147, LLC D/B/A CLEAN LAUNDRY, STEPHEN CHUN,
ABC CORP.

               Defendants.

----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155940/2020 |
| MOTION DATE | 02/02/2024 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173

were read on this motion to/for          JUDGMENT - SUMMARY          .

In this commercial landlord-tenant action, plaintiff-landlord moves for summary judgment on its claims for rent arrears and attorneys' fees. Defendant BR 1147 LLC d/b/a Clean Laundry (Clean Laundry) is the tenant and defendant Stephen Chun is the guarantor.

## BACKGROUND

Plaintiff is the owner of the building located at 309 East 37th Street, New York, NY 10016. By lease dated February of 2010, and by assignment and extension of the lease dated November 1, 2017, plaintiff leased "the easterly ground floor store" of the property (the premises) to the tenant, a laundromat, with a term end date of February 29, 2027 (NYSCEF Doc Nos 152-153). The lease was secured by a guaranty, executed by the guarantor on November 1, 2017 (NYSCEF Doc No 154).

Plaintiff alleges that in 2020, the tenant stopped paying rent and additional rent. On June 26, 2020, plaintiff served the tenant with a 14-day notice to cure demanding unpaid rent

155940/2020   36 AND 37 REALTY, LLC vs. BR 1147, LLC D/B/A CLEAN
Motion No.  004

Page 1 of 7

(NYSCEF Doc No 155), but the tenant did not cure its default. Plaintiff then filed a complaint, seeking: (1) rent due as of the date of filing (July 31, 2020) as against the guarantor; (2) rent due for the remainder of the lease term as against the guarantor; (3) a judgment of ejectment as against the tenant; (4) rent due as of July 31, 2020 as against the tenant; (2) rent due for the remainder of the lease term as against the tenant; and (6) an award of attorneys' fees as against both defendants (NYSCEF Doc No 1).[1]

The tenant vacated the premises on February 5, 2022, mooting the issue of ejectment. Plaintiff now moves for summary judgment on its remaining five causes of action (NYSCEF Doc No 149). Defendants oppose plaintiff's motion on the grounds that the damages sought are excessive and unsupported in the absence of an acceleration clause (NYSCEF Doc No 167).

## DISCUSSION

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action." (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co.*, 153

---

[1] Though described in the complaint as "causes of action," plaintiff fails to connect the relief sought (e.g., rent due through July 31, 2020) with its causes of action (e.g., breach of the lease). Plaintiff's motion for summary judgment suffers the same defect. Therefore, for the purposes of this decision and order, reference to plaintiff's "causes of action" shall be as follows: (1) breach of the guaranty as against the guarantor through July 31, 2020; (2) breach of the guaranty as against the guarantor for the remainder of the lease term; (3) ejectment as against the tenant; (4) breach of the lease as against the tenant through July 31, 2020; (5) breach of the lease as against the tenant for the remainder of the lease; and (6) attorneys' fees as against both defendants.

**155940/2020   36 AND 37 REALTY, LLC vs. BR 1147, LLC D/B/A CLEAN**
**Motion No.  004**

AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*id.*).

i.       *Rent Due Through July 31, 2020*

Plaintiff has established its entitlement to summary judgment on the issue of the tenant and the guarantor's liability for rent and additional rent payments owed at the time that plaintiff filed suit. The lease obligates the tenant to pay monthly rent payments and additional rent (NYSCEF Doc No 152), and the guaranty obligates the guarantor to make such payments in the event of the tenant's default (NYSCEF Doc No 154), yet defendants failed to perform these obligations (NYSCEF Doc No 155 [14-day notice of default, dated June 25, 2020 and served the following day, indicating that rent payments remained outstanding for February through June of 2020]). Defendants do not raise an issue of fact in response, or even address plaintiff's argument with respect to payments for this time period. Additionally, the guarantor does not dispute plaintiff's claim that NYC Admin Code § 22-1005 does not apply to him because the laundromat was deemed an essential business and remained open during the pandemic. Accordingly, the part of plaintiff's motion seeking summary judgment as against the tenant and the guarantor for the rent and additional rent arrears due through July 31, 2020 will be granted on the issue of liability. However, since plaintiff has not provided a ledger or other evidence to sufficiently establish the amount sought for this period, the amount due will be determined at trial.

ii.       *Rent Due Through the End of the Lease Term*

In support of its claim for payment through the remainder of the lease term, plaintiff relies on Article 18 of the lease, which provides that:

**155940/2020   36 AND 37 REALTY, LLC vs. BR 1147, LLC D/B/A CLEAN**
**Motion No.  004**

**Page 3 of 7**

> In the case of any such default,[2] re-entry, expiration and/or dispossess by summary proceedings or otherwise, . . . Tenant shall [] pay Owner, as liquidated damages, for the failure of Tenant to observe and perform said Tenant's covenants herein contained, any deficiency between the rent hereby reserved and/or covenanted to be paid and the net amount, if any, of the rents collected on account of the subsequent lease or leases of the demised premises for each month of the period which would otherwise have constituted the balance of the term of this lease.

(NYSCEF Doc No 152, § 18). Plaintiff argues that this provision entitles it to the immediate payment of rent for the remainder of the lease term. Defendants argue that this provision does not constitute an acceleration clause, and therefore, plaintiff is not entitled to future rent.

As a general matter, "no action can be brought for future rent in the absence of an acceleration clause" (*Beaumont Offset Corp. v Zito*, 256 AD2d 372, 373 [2nd Dept 1998]; see also *Islip U-Slip LLC v Gander Mtn. Co.*, 2 F Supp 3d 296, 303 [NDNY 2014] ["New York law states that absent an acceleration clause in a lease, the breach of a lease does not entitle a landlord to make a claim for all future rents under the lease."]). Here, the lease permits plaintiff to seek rent payments subsequent to the tenant's default or vacatur as liquidated damages but specifies that "[a]ny such liquidated damages shall be paid in monthly installments by Tenant on the rent day specified in the lease" (*id.* [emphasis added]). Based on the language of the lease's first page—that rent is due "in equal monthly installments in advance on the first day of each month during said term"—the "rent day" is the first day of the month (*id.*). As such, a plain reading of the lease indicates that plaintiff is not entitled to future rents, but rather must wait until these rents accrue on the rent day, i.e., the first day of the month (see also *Trinity Centre LLC v Prosurance Brokerage Asoc., Inc.*, 2020 NY Slip Op 31770[U], *4 [SC NY Co 2020] ["all the

---

[2] The tenant is considered to be in default if, *inter alia*, "Tenant defaults in fulfilling any of the covenants of this lease other than the covenants for the payment of rent or additional rent; or if the demised premises become vacant or deserted" (NYSCEF Doc No 58, § 17). The tenant was ejected from the premises on February 5, 2022.

**155940/2020   36 AND 37 REALTY, LLC vs. BR 1147, LLC D/B/A CLEAN**                    **Page 4 of 7**
**Motion No.  004**

[* 4]

courts interpreting the standard pre-printed Article 18 lease clause have held it is not an acceleration clause"]; *226 Fifth Ave. LLC v SBF Intl., Inc.*, 2012 NY Slip Op 33491[U], *8 [SC NY Co 2012] ["under the express language of [] Article 18 of the Lease, plaintiff is limited to recovering the rent that has fallen due from the tenant on a month-by-month basis, and/or as it subsequently accrues"]).

Accordingly, the part of plaintiff's motion seeking summary judgment as against the tenant and the guarantor for rent due for the remainder of the lease term will be denied to the extent that plaintiff is not entitled to recover these payments yet. However, plaintiff has established its entitlement to payment for rent accruing from August 1, 2020 through entry of this order—an amount that will be determined at trial—as well as continuing rent payments as they accrue each month until such obligation ceases.

### iii. Attorneys' Fees

Under the terms of the lease and guaranty, defendants are now also liable to plaintiff for attorneys' fees it incurred in bringing this action. The lease provides that "[i]f Owner, in connection [] with any default by Tenant in the covenant to pay rent hereunder, makes any expenditures . . . including but not limited to reasonable attorney's fees . . . such sums so paid or obligations incurred with interest and costs shall be deemed to be additional rent hereunder" (NYSCEF Doc No 152, § 19) and the guarantor guaranteed the payment of "Additional Rent and all other charges and sums due and payable by Tenant . . . including, without limitation, Landlord's reasonable attorneys' fees and disbursements" (NYSCEF Doc No 154). Defendants failed to raise an issue of fact as to their liability for attorneys' fees, nor did they challenge counsel's timekeeping log (NYSCEF Doc No 166)[3]. Accordingly, the part of plaintiff's motion

---

[3] The log reflects Kenneth E. Rosen's hourly rate of $2,500 (NYSCEF Doc No 166). Since plaintiff is only entitled to *reasonable* attorneys' fees and this rate was not explained, it will be subtracted from the total awarded.

**155940/2020   36 AND 37 REALTY, LLC vs. BR 1147, LLC D/B/A CLEAN**
**Motion No.  004**

**Page 5 of 7**

5 of 7

seeking summary judgment as against the tenant and the guarantor for attorneys' fees will be granted and plaintiff will be awarded a money judgment therefor.

## CONCLUSION

Based on the foregoing, it is

ORDERED that the part of plaintiff's motion seeking summary judgment on its first cause of action for breach of the guaranty as against the guarantor through July 31, 2020 and fourth cause of action for breach of the lease as against the tenant through July 31, 2020 is granted on the issue of liability, with the amount of rent and additional rent arrears due through July 31, 2020 to be determined at trial; and it is further

ORDERED that the part of plaintiff's motion seeking summary judgment on its second cause of action for breach of the guaranty as against the guarantor for the remainder of the lease term and fourth cause of action for breach of the lease as against the tenant for the remainder of the lease term is denied to the extent that plaintiff is not entitled to rent payments for months that have not yet passed and is otherwise granted on the issue of liability with the amount of rent and additional rent arrears due to be determined at trial; and it is further

ORDERED that the tenant make continued monthly rent payments as specified under the lease until such obligation terminates; and it is further

ADJUGED that plaintiff 36 and 37 Realty LLC be awarded judgment on its third cause of action for attorneys' fees and recover $45,406.25 as against defendants Clean Laundry and

**155940/2020   36 AND 37 REALTY, LLC vs. BR 1147, LLC D/B/A CLEAN**
**Motion No.  004**

**Page 6 of 7**

6 of 7

Stephen Chun.

2024050316012790GOETZ1F3B60E84D4EA4AEC5EB5910E1B850A64

| | | |
|---|---|---|
| **5/3/2024** | | **PAUL A. GOETZ, J.S.C.** |
| DATE | | |

**CHECK ONE:** ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION

☐ GRANTED ☐ DENIED ☒ GRANTED IN PART ☐ OTHER

**APPLICATION:** ☐ SETTLE ORDER ☐ SUBMIT ORDER

**CHECK IF APPROPRIATE:** ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

**155940/2020  36 AND 37 REALTY, LLC vs. BR 1147, LLC D/B/A CLEAN**        Page 7 of 7
**Motion No.  004**

7 of 7

[* 7]