■ LEONARD MARTIN, Appellant, v GLENZAN ASSOCIATES, INC., Respondent.—Appeal from an order of the Supreme Court at Special Term, entered June 11, 1979 in Albany County, which granted defendant's motion for partial summary judgment. Plaintiff and defendant entered into a lease agreement in December, 1975. Based on allegations that defendant failed to perform certain conditions of the lease, plaintiff commenced an action in Supreme Court seeking money damages. A proceeding was also commenced in the Town of Colonie Justice Court by defendant seeking to recover allegedly past due rent owed by plaintiff to defendant and to recover possession of the leased premises. Following the consolidation of this proceeding with plaintiff's action for damages, defendant moved for partial summary judgment in the amount of the past due rent. Special Term granted defendant's motion, ordering plaintiff to pay defendant the past due rent and to continue to make payment to defendant of rent which may become due under the terms of the lease during pendency of this action. This appeal ensued. The lease in question provides that the rent is payable "without any set off or deduction whatsoever". Plaintiff contends that the failure to delete this provision was a mere oversight. As a general rule, where the language of the lease is clear and unambiguous, the intent of the parties must be deduced only from the terms of the written agreement (Nichols v Nichols, 306 NY 490; Prudential Westchester Corp. v Tomasino, 5 AD2d 489). The court is required to give all the words and phrases used in the lease their plain meaning in order to determine the rights of the parties (R. I. Realty Co. v Terrell, 254 NY 121; Benderson Dev. Co. v Schwab Bros. Trucking, 64 AD2d 447). In our view, the terms of the lease are clear and unambiguous and Special Term properly granted defendant's motion for partial summary judgment with respect to past due rent. We do not agree, however, with so much of the court's order as directed plaintiff to continue to make payments to defendant for the amount of rent which may become due during the pendency of the action. There is no acceleration clause in the lease entitling defendant to future rents upon a breach thereof. Consequently, defendant's right to future rent has not yet ripened and recovery may only be had for past due rent (Maflo Holding Corp. v S. J. Blume, Inc., 308 NY 570; John Malasky, Inc. v Mayone, 54 AD2d 1059). The order, therefore, must be modified so as to reverse so much thereof as directed the payment of future rent. Plaintiff's remaining arguments have been considered and are unpersuasive. Order modified, on the law, by reversing so much thereof as ordered plaintiff, during pendency of this action, to continue to make payment to defendant for the amount of the rent which may become due to defendant under the terms of the lease and, as so modified, affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.