■ SEA CREST CONSTRUCTION CORP., Respondent, v AMWEST SURETY INSURANCE COMPANY, Appellant. [693 NYS2d 134] —Order, Supreme Court, New York County (Barry Cozier, J.), entered September 23, 1998, which denied defendant's motion to dismiss the complaint, unanimously reversed, on the law, with costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Plaintiff, as general contractor, entered into a construction contract with the City of New York for construction of a sanitation garage facility in June 1990. La Sala became a masonry subcontractor to plaintiff in September 1990 and a performance bond was obtained by La Sala from defendant, pursuant to its contract with plaintiff, which provided that any action on the bond would have to be commenced within two years after either La Sala defaulted or after La Sala ceased working, whichever happened earlier. In April 1993, plaintiff was notified by the City that La Sala's work was deficient. La Sala performed no further masonry work on this project after August 1994. On at least one occasion, by a letter of December 11, 1995, Sea Crest notified both La Sala and defendant that it considered La Sala to be in default. On March 18, 1998, plaintiff commenced this action against defendant on the performance bond. Defendant's motion to dismiss based upon the two-year contractual limitation period was denied on the ground that La Sala had not ceased work in August 1994. The court reasoned that the term "ceased work" must be construed to have had a

different meaning than default, that La Sala's masonry work had not been accepted by the City as 100% completed, that "work" was contractually defined as everything required to be done, and that La Sala did not have the unilateral right to declare its own work to be 100% completed thus ceasing work and triggering the running of the contract's limitation period.

If the "ceased working" clause required the City to accept La Sala's performance as 100% completed, this would conflict with the plain meaning of that term. La Sala did no more masonry on this project after August 1994 and took the position that its work was done. Plaintiff clearly identified this as a deficiency, indeed a default, in the following year. Furthermore, conditioning the running of a limitation period upon 100% completion would have been inexplicable since there would be no claim under the bond. "Ceased working" should have been given its plain and ordinary meaning. La Sala ceased working in August 1994 when it stopped performing labor under the subcontract (*Whitacre Constr. Specialties v Aetna Cas. & Sur. Co.*, 86 AD2d 972, *affd* 57 NY2d 1018). Since plaintiff did not commence this action until more than two years after August 1994, defendant's motion to dismiss should have been granted. Concur—Sullivan, J. P., Tom, Lerner and Buckley, JJ.