■ J & A CONCRETE CORP., Appellant, v ST. PAUL MERCURY INSURANCE COMPANY, Respondent, et al., Defendant. [851 NYS2d 548]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about August 7, 2007, which, in an action by a subcontractor at a public improvement project against its contractor and the latter's surety, granted the surety's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, with costs.

The subject labor and material payment bond, issued on behalf of defendant contractor, as principal, in favor of nonparty site owner, as obligee, clearly and unambiguously limits the time to commence an action to one year following the date on which contractor "ceased work" on its contract with the owner. The phrase "ceased work" should be given its plain and ordinary meaning, i.e., "stopped performing labor" (*Sea Crest Constr. Corp. v Amwest Sur. Ins. Co.*, 263 AD2d 433, 434 [1999]). The affidavit submitted by the contractor's president, the Application and Certificate for Payment submitted by the contractor to the owner, and an e-mail from the owner's counsel to the surety establish that the contractor stopped performing labor on the project two years before plaintiff commenced the action, and that the action, insofar as brought against the surety, is therefore barred by the bond's one-year suit limitation provision. Plaintiff's arguments that there is no evidence that the contractor was formally terminated or that its work was 100%

complete are unavailing. Commencement of the one-year period depends simply on when the contractor ceased work. Plaintiff's claim that the contractor, who was engaged to perform excavation and foundation work, may be called upon to finish its contract in the future is mere speculation that, moreover, is refuted by a document, submitted with the surety's reply papers, in which the owner, a public authority, reports the completion of the project as one of its fiscal year 2006-2007 "Highlights, Accomplishments & Programs." Plaintiff fails to set forth any credible evidentiary basis pursuant to CPLR 3212 (f) for believing that disclosure might reveal new information that would create an issue of fact as to when the contractor ceased work (*see Global Mins. & Metals Corp. v Holme*, 35 AD3d 93, 103 [2006], *lv denied* 8 NY3d 804 [2007]). Concur—Lippman, P.J., Tom, Nardelli, Catterson and Moskowitz, JJ.