**Ogbolu v 125 Prop. Masters, Inc.**

2024 NY Slip Op 34529(U)

December 31, 2024

Supreme Court, New York County

Docket Number: Index No. 158881/2021

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. PAUL A. GOETZ**                          **PART**                    **47**

*Justice*

------------------------------------------------------------------------X

COLLINS OGBOLU,

|  |  |
|---|---|
| **INDEX NO.** | 158881/2021 |
| **MOTION DATE** | 08/22/2023 |
| **MOTION SEQ. NO.** | 004 |

Plaintiff,

- v -

125 PROPERTY MASTERS, INC., LENOX DENTAL &
MEDICAL ARTS, MANHATTAN ESTHETICS
SPECIALISTS, LENOX LASER & ESTHETICS
SPECIALISTS, DMITRIY MILOSLAVSKIY, SHAUL
HUBSCHER, SANFORD JACOBY, JOHN DOES

**ORDER - AMENDED (MOTION
RELATED)**

Defendant.

------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 004) 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 201, 205, 206, 210, 212, 223, 224, 228, 230, 235, 241, 242, 244, 247, 249, 250

were read on this motion to/for                    SUMMARY JUDGMENT (AFTER JOINDER)        .

In this commercial landlord-tenant action, plaintiff's amended complaint (NYSCEF Doc No 5) alleges that he leased his real property, located at 335-337 Lenox Avenue, New York, NY 10027 (premises), to defendant 125 Property Masters (tenant), and that tenant's obligations were guaranteed by the individual defendants (guarantors).[1] The lease, set for a fifteen-year term, commenced on May 1, 2015.

Plaintiff alleges that tenant has violated various provisions of the lease by failing to (1) pay rent, additional rent, late charges, property taxes, utilities, and insurance premiums; and (2) obtain a certificate of occupancy for the premises, the requisite governmental permits and

---

[1] Plaintiff names Lenox Dental & Medical Arts, Manhattan Esthetics Specialists, and Lenox Laser & Esthetics Specialists as defendants because he believes them to be entities "in occupancy" at the premises. Plaintiff also names John Does as defendants because believes there may be other subtenant(s), undertenant(s) and/or licensee(s) under the lease that have not been identified.

**158881/2021   OGBOLU, COLLINS vs. 125 PROPERTY MASTERS, INC. ET AL**                    **Page 1 of 7**
  **Motion No.  004**

approvals for its alterations to the premises, liability insurance in the amount of $2 million per occurrence, and property insurance. He alleges that guarantors have also breached the lease by failing to pay consequential damages resulting from tenant's default. Plaintiff further alleges that upon tenant's breaches and default in payments, plaintiff properly terminated the lease by sending tenant a rent demand, a notice to cure, and notices of termination (MS #4, NYSCEF Doc Nos 153-156), but that tenant refuses to vacate the premises.

Plaintiff now moves for summary judgment on his claims that tenant and guarantors breached the lease, and for the right to eject defendants and retake possession of the premises. He also seeks a money judgment in the amount of $4,323,384.95, plus interest, and a hearing to determine additional damages he may be owed (MS #4, NYSCEF Doc No 149).

Discussion

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action." (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co.*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of

fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*id.*).

Plaintiff has made a prima facie showing of his entitlement to judgment as a matter of law on both causes of action. Plaintiff submits the lease agreement, which clearly imposes the obligations at issue (NYSCEF Doc No 152, *Lease* ¶¶ 1(c), 10(a), 10(c); *Rider* ¶¶ 4, 5, 12, 13), and numerous records evidencing breaches of those obligations (NYSCEF Doc Nos 157-164). Plaintiff also submits evidence that he is the owner of the property, that he has the right to possess it due to his proper termination of the lease with the requisite notices, and that tenant remains in possession of the property (NYSCEF Doc Nos 151-156).

Defendants fail to raise a material issue of fact. Instead, defendants argue that pursuant to CPLR § 3212(f)[2], the court should either deny plaintiff's motion for summary judgment or grant a continuance pending discovery because plaintiff has exclusive control over information defendants need in order to properly defend their position. However, defendants do not identify what facts they expect to discover which would create a triable issue of fact, nor do they provide any basis for believing such facts are in plaintiff's exclusive control (*State ex rel. Perkins v Cooke Ctr. for Learning & Dev., Inc.*, 164 AD3d 445, 446 [1st Dept 2018] [plaintiff's speculations "represented a mere hope that evidence sufficient to avoid summary judgment may be uncovered"]; *J&A Concrete Corp. v St. Paul Mercury Ins. Co.*, 48 AD3d 334, 335 [1st Dept 2008] ["Plaintiff fails to set forth any credible evidentiary basis pursuant to CPLR 3212(f) for believing that disclosure might reveal new information that would create an issue of fact"]). Mere speculation and conclusory assertions are insufficient to warrant granting relief pursuant to

---

[2] CPLR § 3212(f) provides: "Should it appear from affidavits submitted in opposition to the motion that facts essential to justify opposition may exist but cannot then be stated, the court may deny the motion or may order a continuance to permit affidavits to be obtained or disclosure to be had and may make such other order as may be just."

**158881/2021   OGBOLU, COLLINS vs. 125 PROPERTY MASTERS, INC. ET AL**          **Page 3 of 7**
 **Motion No.  004**

[* 3]

CPLR § 3212(f) (*Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152, 163-64 [1980] ["we cannot conclude that such action would be warranted here, since [defendants have] given no indication as to what 'essential' facts [they believe] exist that would justify a denial" of the motion]; *Auerbach v. Bennett*, 47 NY2d 619, 1004 [1979] ["neither in his brief nor on oral argument did Wallenstein identify any particulars as to which he desires discovery . . . To speculate that something might be caught on a fishing expedition provides no basis to postpone decision on the summary judgment motions under [CPLR 3212(f)]"]). Defendants' argument regarding undiscovered facts is an insufficient basis to deny plaintiff's motion for summary judgment or to grant a continuance pending discovery.

Defendants' argument that plaintiff's motion for summary judgment is procedurally defective also fails. Contrary to defendants' contention, a movant is not obligated to submit a "separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried" unless ordered to do so by the court (Uniform Rule 202.8-g). Since this court has not directed plaintiff to submit a separate statement of facts, there is no procedural impediment to considering plaintiff's motion.

Damages

Regarding damages, plaintiff correctly posits that the lease provision holding tenant liable for the remainder of this commercial lease term, even after eviction, is enforceable (*Holy Props. v Cole Prods.*, 87 NY2d 130, 134 [1995]). However, in the absence of an acceleration clause, plaintiff's right to recover monthly rent payments does not ripen until each payment becomes due and owing (*Beaumont Offset Corp. v Zito*, 256 A.D.2d 372, 372 [2d Dept 1998]; *Martin v. Glenzan Assocs., Inc.*, 426 N.Y.S.2d 347, 348 [3d Dept 1980] [without an acceleration clause,

plaintiff's "right to future rent has not yet ripened and recovery may only be had for past due rent"]).

The lease provision plaintiff cites as his basis for recovering future rent (NYSCEF Doc No 152, *Lease* ¶ 18(b)), provides that tenant may be required to pay the rent which would have been payable had the lease not been terminated. But it also specifically states that such rent would be "payable upon the due dates therefor specified herein," i.e., the monthly due dates. Where rent is payable on a monthly basis, with a tenant becoming liable for unpaid rent as it accrues each month, "should a tenant default, the tenant will then be liable for rent that has already come due and gone unpaid—but not for *future* rent. . . (*Mansion Realty LLC v 656 6th Ave Gym LLC*, 79 Misc. 3d 372 [SC NY Co 2023] [emphasis in original]). Thus, though tenant's default exposes defendants to future liability, they will not become liable for that rent, should it go unpaid, until its due date arrives (*id.* at 263).

Moreover, "an award of rents that have not yet become due under the lease could impermissibly render the requested award disproportionate to plaintiff['s] actual losses" and transform the lease provision, intended to insulate plaintiff from losses, into a penalty against defendants (*Chelsea 8th Ave. LLC v Chelseamilk LLC*, 220 AD3d 565, 566 [1st Dept 2023] [allowing party to obtain all future rent due in one lump sum "would transform the purported liquidated damages provision into a penalty"]). Therefore, the only rent payments plaintiff is currently entitled to are those due as of the date of this judgment, but he may continue to seek future rent payments as they become due.

Conclusion

Accordingly, it is

ORDERED that plaintiff's motion for summary judgment is granted to the extent that he is entitled to retake possession of the premises; and it is further

ADJUDGED that plaintiff is entitled to possession of the premises as against defendants, and the Sheriff of the city of New York, County of New York, upon receipt of a certified copy of this decision and order and payment of proper fees, is directed to place plaintiff in possession accordingly; and it is further

ADJUDGED that immediately upon entry of this decision and order, plaintiff may exercise all acts of ownership and possession of the premises including entry thereto, as against defendants; and it is further

ORDERED that plaintiff's motion for summary judgment on his claims for breach of contract is granted; and it is

ADJUDGED that plaintiff be awarded judgment as against tenant and guarantors for a total of $1,563,974.27, comprised of: (a) $1,165,601.88, representing the rent payments due from March 1, 2020 through December 1, 2023, less the security deposit; (b) $342,828.62 in property taxes; (c) $53,050.34 in insurance premiums; and (d) $2,493.43 in unpaid utilities; ***and the judgment clerk is directed to enter judgment accordingly***; and it is further

ORDERED that tenant continue to pay plaintiff its monthly rent of $34,657.86 until such obligation is terminated; and it is further

ORDERED that a trial on additional damages (limited to the determination of late charges, attorney's fees and costs, and subsequent charges to plaintiff resulting from the breaches

of the lease addressed herein) will be held after the filing of the note of issue.

20241231121958PG0ETZ17E42CA8052D0ACF791E432133F970D11

**12/31/2024**
**DATE**

**PAUL A. GOETZ, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 7]